IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDO LUIS AVALOS CERPA,        ) | CV F 02-6595 AWI WMW HC |
| )                              | |
| Petitioner,      ) | ORDER ADOPTING |
| )                              | FINDINGS AND |
| v.           ) | RECOMMENDATIONS RE |
| )                              | PETITION FOR WRIT OF |
| )                              | HABEAS CORPUS |
| JIM HALL, Warden,              ) | |
| )                              | [Doc. 18] |
| Respondent.      ) | |
| )                              | |
| _____ ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On July 19, 2004, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Petitioner filed objections on August 24, 2004.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708

1  F.2d 452, 454 (9th Cir. 1983).

2  As discussed by the Magistrate Judge in his findings and recommendations, Petitioner raises the following four claims in his petition: 1) the Court of Appeal refused to give credence to a stipulation agreed to by the prosecution and defense regarding dental office records; 2) due to this stipulation, Petitioner did not call a key witness from the dental office and this amounted to a violation of his Sixth Amendment right to call witnesses in his defense; 3) the evidence presented at trial was insufficient to sustain his convictions; 4) he was denied an evidentiary hearing in his state court habeas corpus proceeding.

In his objections, Petitioner contends that the Magistrate Judge erred in finding that Petitioner had failed to rebut the presumption of correctness accorded the factual findings of the Court of Appeal. Petitioner states that several facts were challenged in his petition, and discusses seven specific "facts." First, Petitioner claims that the jury specifically found that Petitioner "at no time was at the key residence where methamphetamine was manufactured on April 22, 1998." He argues that this finding by the jury was ignored by the Magistrate Judge and must be addressed. In regard to this claim, the Court of Appeal found as follows:

> Cerpa's assertion that the jury found that he was not present at the residence at any time on April 22, 1998, is unsupported by the record. The overt act that the jury found untrue provided "on or about April 22, 1998, ALDO LUIS AVALOS CERPA went to 5234 South Columbia, Reedley." By finding this allegation untrue, the jury did not necessarily find that Petitioner was not *present* on that day. They merely found he did not *arrive* on that day.

Petitioner has provided no citation to the record demonstrating any finding by the jury other than the one described by the Court of Appeal. Accordingly, the court finds that this claim by Petitioner provides no basis for reversing the finding of the Magistrate Judge.

Second, Petitioner claims that surveillance by law enforcement officers commenced at 8:00 p.m. on April 22, 1998, and extended to when two vehicles left the residence during the early morning hours of April 23, 1998. Petitioner claims that this establishes that no one came to the residence during that surveillance. The Court of Appeal rejected Petitioner's claim that this established that the jury could not have found that Petitioner left the house in

2

the pickup truck on the morning of April 23, 1998.  The Court of Appeal found that as stated above, the jury's finding that Petitioner did not go to the residence on April 22 did not prevent them from finding that he was already there on that date.  The jury could have found that Cerpa arrived at the house on April 21 with Trujillo and Guzman and remained there until they left in the pickup truck on the morning of April 23.  Thus, this factual argument provides no basis for rejecting the findings of the Magistrate Judge that Petitioner failed to overcome the presumption of correctness afforded the factual findings of the Court of Appeal.

Third, Petitioner claims that dental records showed that Petitioner was a patient at a Santa Ana dental office in Orange County at 11:00 a.m. on April 22, 1998.  He claims that it was therefore impossible to claim that he was at the residence manufacturing methamphetamine at any time on either April 22 or 23, 1998.  The Court of Appeal rejected this argument, finding that, "[t]he documents in no way prove that Aldo Luis Avalos Cerpa himself showed up for that appointment.  There was never any testimony from the dentist who performed the procedure nor from anyone in the office that day identifying Cerpa as the person who attended the appointment and underwent the procedure."   Nothing in Petitioner's argument provides a basis for rejecting the findings of the Magistrate Judge that Petitioner failed to overcome the presumption of correctness afforded the factual findings of the Court of Appeal.  The same is true regarding Petitioner's claim that there was no showing that he was present at the residence in question at any time on April 20 or 21, 1998, a claim which was expressly rejected by the Court of Appeal.

Fourth, Petitioner claims that it was stipulated at trial that he was at the dentist appointment in Santa Ana on April 22, 1998. He further claims that because of the stipulation, he gave up the opportunity to call the dentist as a witness at trial.  In support of this claim, he references the declaration of trial attorney Ron Cordova, who states in part as follows:

     11.  Learning of the dental appointment and treatment on April 22, 1998, I caused a subpoena duces tecum to be served, producing the records of that appointment of April 22, 1998.
     12.  I showed these records to District Attorney Montoya and encouraged her to make any inquires that she desired.  Ms. Montoya stipulated that the records could be entered as Defense "A" for proof of the matter asserted, thus relieving the defense of the requirement that the dentist who performed services on Avalos Cerpa be called to testify at the trial in Fresno.
     14. b.  In discussing whether the prosecutor wanted live witnesses from the dental office, the prosecution stipulated to the truth of the document and agreed that live witnesses, including the dentist, need not be called before the jury.  This stipulation then was a conclusive evidence of the fact asserted.
     15.  Based on the above stipulation, I refrained from calling the dentist, and the stipulation now clearly binds the State of California, there being no issue submitted to the jury and the jury being told that this was an established fact.
     16.   At no time did the State of California through the District Attorney of Fresno County ever take the position that it was not established that Avalos Cerpa was in the dental office in Orange County on April 22, 1998.

     Nowhere in this declaration does trial counsel claim that any "stipulation" was either memorialized in writing or read to the jury.  Further, Petitioner does not address the express finding of the Court of Appeal that, "A review of the record reveals that no such stipulation took place.  The dental documents were merely introduced into evidence without objection."  Specifically, Petitioner provides no citation to the record demonstrating that the claimed stipulation occurred.  Thus,  the court finds that Petitioner's claim provides no basis for rejecting the findings of the Magistrate Judge that Petitioner failed to overcome the presumption of correctness afforded the factual findings of the Court of Appeal.

     Relatedly, Petitioner argues that if the stipulation he describes was not entered into, either the prosecution "entered into a false stipulation" or defense counsel was ineffective in not calling the dentist as a witness at trial or making a more specific stipulation.   This court finds that because neither of these claims is presented as a ground in Petitioner's petition, they can not properly be raised for the first time in Petitioner's objections or be considered as a basis for rejecting the findings and recommendations of the Magistrate Judge.   A new theory cannot properly be raised in objections to findings and recommendations. Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992).  Factual assertions that could have

4

been but were not presented to the Magistrate Judge should be given no consideration when the court is deciding whether to adopt Findings and Recommendations  Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).  "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow, 863 F.2d at 638.[1]

Fifth, Petitioner contends that the declaration of Sergio Sandoval establishes that Petitioner spent the night of April 22, 1998, at a residence with Sandoval, and that Sandoval drove Petitioner to the relevant fruit orchard on the morning of April 23.  The court finds that this claim, which ignores all of the other evidence introduced in the case and does not meet the standard for sufficiency of the evidence under Jackson v. Virginia, 443 U.S. 307, 319 (1979) discussed by the Magistrate Judge, provides no basis for rejecting the findings and recommendations of the Magistrate Judge.

Sixth, Petitioner contends that if the Declarations of Sergio Sandoval and Trial Attorney Ron Cordova and the "stipulated to be accurate dental records" are "given credence," Petitioner cannot be guilty of the crimes for which he was convicted.  Petitioner's contentions regarding the two declarations are discussed and rejected above.  Again, Petitioner ignores the established standard for sufficiency of the evidence and provides no basis for rejecting the findings and recommendations of the Magistrate Judge.

Seventh, Petitioner states that no representative from the California Attorney General appeared at oral argument before the Court of Appeal, and that no argument was made in prior briefing that the person who appeared for the dental treatment on April 22, 1998, was someone other than Petitioner.  He complains that this suggestion was raised sua sponte and

---

[1] In addition, it does not appear such an ineffective assistance of counsel claim was ever exhausted in the state courts.  See  28 U.S.C. § 2254(b)(1).

5

for the first time by the Justices of the Court of Appeal.  The court finds that this fact, if true, is in no way improper and provides no basis for challenging the findings or decision of the Court of Appeal.

Finally, the court finds that the Magistrate Judge was correct in concluding that Petitioner has not demonstrated a basis for an evidentiary hearing.   The "facts" relied upon by Petitioner, even if true, are simply additional evidence which the jury could choose whether or not to believe and do not establish that Petitioner could not have committed the crime.  Again, Petitioner simply disregards the standard for sufficiency of the evidence to support a conviction.

Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1) The petition for writ of habeas corpus is DENIED, and

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:    March 21, 2007**           **/s/ Anthony W. Ishii**
0m8i78                                 UNITED STATES DISTRICT JUDGE